FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
DOCKET & FILE
★ APR 24 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
ARTHUR J. WOLTERS,

               Plaintiff,        **MEMORANDUM AND ORDER**
-against-                          12-CV-1544 (KAM)(SMG)

Attorney General, N.Y. State;
Commissioner, N.Y. State Dept.
of Motor Vehicles; the District
Attorneys of Richmond and
Queens Counties, N.Y.; RAY
KELLY, Commissioner of Police,
N.Y.C.,

               Defendants.
--------------------------------X
**KIYO A. MATSUMOTO, United States District Judge:**

       On March 27, 2012, *pro se* plaintiff Arthur J. Wolters ("plaintiff") filed this action against defendants pursuant to 42 U.S.C. §§ 1983 and 1985. Plaintiff seeks damages, injunctive and declaratory relief. Plaintiff's request to proceed *in forma pauperis* is granted solely for the purpose of this Order. For the reasons set forth below, the Complaint is dismissed.

### BACKGROUND

       The facts described herein are taken from the allegations in the Complaint. (*See* ECF No. 1, Complaint ("Compl.").) Plaintiff alleges that the Queens County District Attorney engaged in selective and malicious prosecution when plaintiff was tried and convicted in October 2004 for violating section 511 of the New York State Vehicle and Traffic Law

("VTL") under Indictment No. 1923/04. (*Id.* at 10, 21-22.) On November 16, 2004, the New York Supreme Court, Queens County, entered judgment convicting plaintiff, and sentenced him to four years' imprisonment. (*Id.* at 10, Ex. E.) On June 5, 2007, the Appellate Division reversed the conviction and ordered a new trial. (*Id.*) On June 12, 2007, plaintiff was conditionally released from prison, having served his full term of custody. (*Id.* at 10.) On March 24, 2008, the Queens County Supreme Court dismissed the charges against plaintiff. (*Id.* at 11, Ex. G.)

On May 8, 2008, the Queens County District Attorney filed a new indictment against plaintiff for, *inter alia*, violating VTL section 511. (*Id.* at 11, Ex. D ("Indictment No. 1104/08").) The indictment noted that it was a "representment" of Indictment No. 1923/04. (*Id.*) Plaintiff alleges that he entered a guilty plea to the new indictment on February 25, 2009, and that his appeal based on double jeopardy grounds is currently pending before the Appellate Division. (*Id.* at 12.)

On July 2, 2011, plaintiff was arrested again in Richmond County for violating VTL section 511. (*Id.* at 12, Ex. H.) Plaintiff alleges that the Richmond County District Attorney has failed to obtain a timely indictment against him. (*Id.* at 13.)

Plaintiff seeks (1) a preliminary injunction prohibiting the Staten Island (Richmond County) District

Attorney from prosecuting him; (2) a declaration that several provisions of the New York Vehicle and Traffic Laws are unconstitutional on their face and as applied; (3) a declaration that plaintiff "and all others similarly situated, have been and are currently being selectively prosecuted by all the defendants"; (4) certification of the instant action as a "class action for all others similarly situated"; and (5) money damages from the Commissioner of the New York State Department of Motor Vehicles ("DMV"), the New York City Police Commissioner Ray Kelly, and the Queens County District Attorney. (*Id.* at 27-29.) Finally, plaintiff requests the appointment of counsel. (*Id.* at 29.)

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915, the court must dismiss an *in forma pauperis* complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing plaintiff's *pro se* Complaint, the court is mindful that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted). This is especially true where, as here, *pro se* pleadings allege civil rights violations. *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d Cir. 2008).

## DISCUSSION

### I. Request to Proceed as a Class Action

An initial matter, the court denies plaintiff's request for class action certification. It is well-established that a *pro se* plaintiff cannot bring a class action. *Nwanze v. Philip Morris Inc.*, 100 F. Supp. 2d 215, 218 n.3 (S.D.N.Y. 2000) (recognizing "the well established federal rule forbidding *pro se* plaintiffs from conducting class action litigation"); *see also Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent anybody other than himself."). Accordingly, plaintiff's request for this action to proceed as a class action is denied.

4

## II. Request for Declaration that VTL Section 511 is Unconstitutional

The court also denies plaintiff's request for a declaration that VTL section 511 is unconstitutional. This state statute has been upheld by the New York State Appellate Division. *See People v. Campbell*, 827 N.Y.S.2d 768 (N.Y. App. Div. 3d Dep't 2007) (rejecting defendant's argument that VTL § 511(3) is constitutionally infirm); *People v. Guszack*, 654 N.Y.S.2d 845, 846 (N.Y. App. Div. 3d Dep't 1997) (noting that "the statutory scheme [of VTL § 511(3)(a) suffers no constitutional infirmity"); *see also People v. Cintron*, 622 N.Y.S.2d 662, 663 (N.Y. Sup. Ct. 1995) ("[S]ection 511 of the Vehicle and Traffic Law must be characterized a recidivist statute which meets constitutional requirements . . . ."). Accordingly, plaintiff's request for declaratory relief must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## III. Request for Money Damages from the Queens County District Attorney, the Richmond County District Attorney, the New York State DMV Commissioner, and the New York State Attorney General

Insofar as plaintiff seeks damages from the Queens County District Attorney, the Richmond County District Attorney, the New York State DMV Commissioner, and the New York State Attorney General (collectively, the "State Defendants"), those portions of the Complaint are dismissed. The Eleventh Amendment bars an action in federal court against a state or its agencies

absent a waiver of immunity or congressional legislation specifically overriding immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). It is well-established that New York has not waived its immunity for section 1983 suits in federal court, *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977), and that section 1983 was not intended to override a state's sovereign immunity, *Quern v. Jordan*, 440 U.S. 332, 340-42 (1979). "To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993). Further, to prevail on a section 1983 claim for damages against a state official acting in his or her individual capacity, a plaintiff must show that the official was personally involved in the alleged deprivation of the plaintiff's constitutional rights. *Moffitt v. Town of Brookfield*, 950 F.2d 880, 886 (2d Cir. 1991); *Johnson v. Glick*, 481 F.2d 1028, 1034 (2d Cir. 1973) ("[W]hen monetary damages are sought under § 1983, the general doctrine of respondeat superior does not suffice and a showing of some personal responsibility of the defendant is required.").

As officials who represent agencies of the State of New York, the Queens County District Attorney, the Richmond

6

County District Attorney, the New York State DMV Commissioner, and the New York State Attorney General are all entitled to immunity under the Eleventh Amendment. *See Ying Jing Gan*, 996 F.2d at 536 (holding that district attorney, when prosecuting a criminal matter, represents the state not the county, and therefore is immune from suit under the Eleventh Amendment); *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (holding that the Eleventh Amendment bars section 1983 claims against present and former district attorneys insofar as they are sued in their official capacities); *Rubin v. Swarts*, No. 10-CV-4119, 2011 U.S. Dist. LEXIS 28094, at *8 (E.D.N.Y. Mar. 16, 2011) (holding that section 1983 claim against former DMV Commissioners are barred by the Eleventh Amendment); *Mullin v. P & R Educ. Servs.*, 942 F. Supp. 110, 113 (E.D.N.Y. 1996) (same); *Davis v. Cuomo*, No. 10-CV-221, 2010 U.S. Dist. LEXIS 107210, at *11-12 (N.D.N.Y Oct. 7, 2010) ("Plaintiff's claims against the Office of the Attorney General and [the Attorney General] in his official capacity as head of that office are barred by the Eleventh Amendment and by the jurisdictional limitations of § 1983.").

Moreover, insofar as plaintiff has sued the State Defendants in their individual capacities, plaintiff's section 1983 claim for damages fails because he has not alleged any personal involvement of the defendants in the alleged violation

of his rights. The New York State Attorney General is listed solely in the caption of the Complaint and is not mentioned anywhere in the body of the Complaint. Further, while the Queens County District Attorney, the Richmond County District Attorney, and the New York State DMV Commissioner are mentioned in the Complaint, they are mentioned only by their official titles, indicating that they are being sued in their official capacities. Because plaintiff does not allege that the State Defendants were personally involved in the deprivation of his rights and they are immune from suit for actions taken in their official capacities, plaintiff's claims for money damages against these defendants must be dismissed.

Further, the Queens County District Attorney and the Richmond County District Attorney are entitled to prosecutorial immunity from liability for damages under section 1983. It is "well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983." *Shmueli v. City of New York,* 424 F.3d 231, 236 (2d Cir. 2005) (internal quotation marks omitted). "Prosecutorial immunity from § 1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995)

8

(internal citations and quotation marks omitted). Thus, the Second Circuit has held that a prosecutor is immune from suit under section 1983 for those "activities that are 'intimately associated with the judicial phase of the criminal process.'" *Day v. Morgenthau*, 909 F.2d 75, 77 (2d Cir. 1990) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). A claim of selective and malicious prosecution challenges prosecutorial actions taken within the judicial phase of the criminal process, and is thus barred by prosecutorial immunity. *Id.; see also Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutor is entitled to absolute immunity in section 1983 action "for virtually all acts, regardless of motivation, associated with his function as an advocate," including alleged conspiracy to convict defendant on perjured testimony). Accordingly, the court lacks subject matter jurisdiction over plaintiff's allegations that the prosecutors engaged in selective and malicious prosecution.

### IV. Request for Declaration that Plaintiff's Rights Have Been Violated

Plaintiff's claim for a declaration that his "federally-protected constitutional rights have been . . . violated," is also barred by the Eleventh Amendment. (ECF No. 1, Compl. at 28.) The Second Circuit has held that claims for retrospective declaratory relief are barred by the Eleventh

9

Amendment. *See Ward v. Thomas*, 207 F.3d 114, 120 (2d Cir. 2000) (holding that the declaratory relief sought "is unavailable in federal court because there is no 'claimed continuing violation of federal law' or 'threat of state officials violating the repealed law in the future.'") (citation omitted); *see also Rothenberg v. Stone*, 234 F. Supp. 2d 217, 221-22 (E.D.N.Y. 2002) (dismissing claims for declaratory relief on sovereign immunity grounds because "plaintiff's complaint makes clear that [plaintiff] is seeking declarations that [defendant's] past conduct violated federal law" and "is therefore seeking only retrospective declaratory relief"). Accordingly, insofar as plaintiff has alleged that his constitutional rights have been violated, the court lacks subject matter jurisdiction to order declaratory relief.

**V. Request for Preliminary Injunction to Prevent Prosecution in State Court**

Insofar as plaintiff seeks prospective injunctive relief, however, the Complaint is not barred by sovereign immunity under the Eleventh Amendment. *Fulton v. Goord*, 591 F.3d 37, 45 (2d Cir. 2009) (holding injunctive relief is not barred by the Eleventh Amendment). Here, plaintiff alleges that his "federally-protected constitutional rights . . . are currently being intentionally and grossly violated," and he seeks a preliminary injunction to prevent the Staten Island

(Richmond County) District Attorney from prosecuting him. (ECF No. 1, Compl. at 28, 27.)

Nevertheless, because the case stemming from plaintiff's July 2, 2011 arrest is still pending before the state court (*see id.* at 13, 27), the court must dismiss the Complaint, notwithstanding plaintiff's claims of selective and malicious prosecution. In *Younger v. Harris*, 401 U.S. 37, 43-47 (1971), the United States Supreme Court held that the district court could not enjoin an ongoing state prosecution, regardless of whether the law under which the plaintiff was being prosecuted was constitutional. The Second Circuit has held that "*Younger* abstention is mandatory when: (1) there is a pending state proceeding; (2) that implicates an important state interest; and (3) the state court proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir. 2003); *accord Hansel v. Town Court for the Town of Springfield*, 56 F.3d 391, 393 (2d Cir. 1995). Federal courts may enjoin state criminal proceedings only "under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Younger*, 401 U.S. at 45 (quoting *Fenner v. Boykin*, 271 U.S. 240, 243 (1926)).

11

Here, all the elements for *Younger* abstention are met. First, the criminal case against plaintiff is still pending in state court. Second, New York has an important state interest in enforcing its criminal laws. And third, plaintiff may raise his claims of selective and malicious prosecution in the pending criminal proceeding. *See Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."). Moreover, plaintiff has not shown extraordinary circumstances to warrant this court's intervention. Accordingly, plaintiff's request for injunctive relief is dismissed.

## VI. Request for Money Damages from New York City Police Commissioner

Plaintiff's claims for money damages from New York City Police Commissioner Ray Kelly are also dismissed. As a prerequisite to an award of damages pursuant to section 1983, a plaintiff must allege and prove the defendant's direct or personal involvement in the alleged constitutional deprivation. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)). Here, plaintiff fails

to make any allegations against defendant Kelly that could suggest he had any direct involvement with, knowledge of, or responsibility for plaintiff's arrest on October 20, 2004 or for his arrest on July 2, 2011, that allegedly deprived plaintiff of his civil rights.  *Id.*

To the extent that plaintiff names defendant Kelly based solely on his supervisory role as the New York City Police Commissioner, the United States Supreme Court has held that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution," and rejected the argument that "a supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the supervisor's violating the Constitution."  *Iqbal*, 556 U.S. at 676.  Here, plaintiff fails to make any specific allegations against defendant Kelly.  Because the claim against this supervisor defendant, as presently stated, can be supported only on the basis of the *respondeat superior* or vicarious liability doctrines, which are not applicable to section 1983 actions, the Complaint is dismissed against defendant Kelly.

**VII. Alleged Conspiracy to Interfere with Civil Rights**

Finally, insofar as plaintiff alleges a conspiracy to deprive him of his constitutional rights, in violation of 42

13

U.S.C. § 1985 (*see* ECF No. 1, Compl. at 2, 22, 29), the claim is dismissed as to all defendants. "To state a claim under § 1985, a plaintiff must allege: (1) a conspiracy, (2) an intent or purpose to deprive a person of equal protection of the law; (3) an act in furtherance of the conspiracy; and (4) an injury to a person, including injury to property, person, or constitutional right." *Bhatia v. Yale Sch. of Med.*, 347 F. App'x 663, 665 (2d Cir. 2009); *see also Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003) ("In order to maintain an action under Section 1985, a plaintiff 'must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end.'") (citation omitted). A complaint containing "only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Gyadu v. Hartford Ins. Co.*, 197 F.3d 590, 591 (2d Cir. 1999) (per curiam) (citation omitted). Liberally construing plaintiff's *pro se* Complaint, the court finds that plaintiff has failed to allege any facts sufficient to show the existence of a conspiracy designed to deprive him of his rights. Accordingly, plaintiff's conspiracy allegation must fail.

## **CONCLUSION**

For the reasons set forth above, plaintiff's *pro se* Complaint, filed *in forma pauperis*, is dismissed pursuant to 28

14

U.S.C. § 1915(e)(2)(B). Plaintiff's applications for class certification and appointment of *pro bono* counsel are also denied. The court has considered allowing plaintiff leave to amend his Complaint and finds that amendment would be futile because plaintiff has not identified any plausible federal claims. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Fulton v. Goord,* 591 F.3d 37, 45 (2d Cir. 2009). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. See *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully requested to serve a copy of this Memorandum and Order on the *pro se* plaintiff and note such service on the docket.

**SO ORDERED.**

Dated:   April 24, 2012
         Brooklyn, New York

/S/
───────────────────────────────
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York